United States District Court
Southern District of Texas
**ENTERED**
May 02, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEWIS EARL PERKINS, § <br> (Inmate # 02051283), § <br> § <br> *Plaintiff*, § <br> § <br> vs. § <br> § <br> OFFICER ORTIZ, *et al.*, § <br> § <br> *Defendants*. § | CIVIL ACTION NO. H-24-2989 |

## ORDER OF PARTIAL DISMISSAL

Proceeding *pro se*, plaintiff Lewis Earl Perkins, (Inmate # 02051283), filed a civil rights complaint under 42 U.S.C. § 1983, alleging that Harris County Detention Officer Ortiz, Detention Officer Dones, Supervisor Williams, and the Harris County Sheriff's Office violated his constitutional rights. (Dkt. 1). The Court granted Perkins's motion to proceed *in forma pauperis*. (Dkt. 6). At the Court's request, Perkins filed a More Definite Statement of his claims and a Supplemental More Definite Statement of his claims, in which he added claims against Detention Officer Ortiz #2 and Supervisor Merkel. (Dkts. 8, 10). The Court also received a report of administrative records from Harris County.[1] (Dkt. 19).

---

[1] *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) ("[T]he court may require the defendants in prisoner-rights cases to construct an administrative record to assist the court in determining whether the complaint is frivolous.").

1/11

Perkins's action is governed by the Prison Litigation Reform Act (PLRA), which requires the Court to screen complaints filed by prisoners proceeding *in forma pauperis* as soon as feasible after docketing and dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief can be granted, or that seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e); *see also* 28 U.S.C. § 1915A(a). Having conducted the required screening of Perkins's pleadings, the Court dismisses his claims against defendants Dones, Merkel, Williams, and the Harris County Sheriff's Office for the reasons explained below.

## I. BACKGROUND

Perkins was detained in the Harris County Jail while awaiting trial on several serious felony charges. *See* Search Our Records, www.hcdistrictclerk.com (visited Apr. 29, 2025). He has since been convicted and is currently in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division. *See* Inmate Search, https://inmate.tdcj.texas.gov (visited Apr. 29, 2025).

In his pleadings, Perkins alleges that excessive force was used against him on two separate occasions. (Dkt. 12, p. 1). The first use of force occurred on September 11, 2023, when he was in the jail medical clinic. (Dkt. 8, p. 3). On that date, Perkins had partially covered the camera in his cell with paper. (*Id.*). Officer Dones ordered him to uncover the camera lens. (*Id.*). Perkins uncovered the lens, but he then put

ink on the lens so that officers could not see him. (Dkts. 8, p. 3; 12, p. 2). In response, three officers, including Officer Ortiz #1, entered Perkins's cell to try to remove the ink. (Dkt. 12, p. 2). When the ink would not come off, Ortiz #1 and another officer pushed Perkins to the back of his cell and started punching him, apparently because he had damaged the camera. (*Id.*). Perkins alleges that the punches by Ortiz #1 broke his ribs on the left side. (Dkts. 8, pp. 3-4; 12, p. 2). Perkins alleges that Supervisor Merkel was present when the excessive force was used, and she ordered the officers to stop assaulting him. (Dkt. 12, p. 3). Dones filed a disciplinary charge against Perkins for tampering with jail property based on these events, but she did not report the use of excessive force. (Dkt. 8, p. 9). Perkins later filed a grievance about the use of excessive force. (*Id.*).

The second incident occurred on January 28, 2024, during roll call. (Dkt. 1, p. 4). Perkins had a "wick" in his bag during roll call,[2] which Supervisor Williams apparently smelled. (Dkt. 8, pp. 1-2). She ordered Perkins out of line and into the hall so that officers could search his bag. (*Id.*). As Perkins moved toward the hallway, someone pushed him. (Dkts. 1, p. 4; 8, p. 2). Perkins turned and said, "Stop pushing me; I can walk," (Dkt. 1, p. 4), or "I am going, bro. Don't push me.

---

[2]In Texas prison slang, a "wick" is substitute for matches. An inmate low on matches will take toilet paper, roll it tightly into a long string, and light one end. It will smolder slowly for an extended time and can be used to light cigarettes. *See* Texas Prison Slang, https://writeaprisoner.com (visited Apr. 29, 2025).

3/ 11

I am going." (Dkt. 8, p. 2).

Once Perkins was in the hallway and out of sight of the other inmates, Officer Ortiz #2 and three other prison guards began acting like he wanted to fight them, and they started hitting him and pushing him. (*Id.*). Williams saw the officers pushing Perkins and ordered them to "just take him to the ground." (Dkt. 1, p. 4). Despite this, once Perkins was on the ground, the officers started punching and slapping him. (Dkt. 8, p. 2). Perkins alleges that Ortiz #2 punched him so hard that he "re-broke" his ribs on the left side. (*Id.* at 5). Perkins does not know the names of the other officers who were involved. (*Id.* at 2-3). Perkins received a disciplinary charge for an assault on staff based on the January 28 events. (*Id.* at 10). In turn, he filed a grievance about the use of excessive force. (*Id.*).

Perkins alleges that Ortiz #1 and Ortiz #2 are liable to him because they each used excessive force against him. (Dkt. 1, p. 3). He alleges that Williams is liable because she allowed Ortiz #2 to assault him. (*Id.*). He alleges that Dones and Merkel are liable because they did not report the assault or discipline the officers. (Dkt. 12, p. 4). Finally, he alleges that the Harris County Sheriff's Office is liable because it allowed such behavior to occur and because it allows supervisors to prevent inmate grievances from being heard by the Grievance Board. (Dkts. 1, p. 3; 8, p. 5). As relief, Perkins seeks unspecified money damages. (Dkt. 1, p. 4).

## II. LEGAL PRINCIPLES

### A. Actions Under 42 U.S.C. § 1983

Perkins brings his action under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, the plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§] 1983 must show deprivation of a federal right." *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) (per curiam). The second element, which requires action "under color of state law," means that generally only *state* actors—not private parties—can be liable for violations of civil rights. *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.*, 765 F.2d 1278, 1283 (5th Cir. 1985).

### B. The Prison Litigation Reform Act

The PLRA, which governs Perkins's action, requires the Court to examine the legal and factual basis of a prisoner's complaint and dismiss the case if it determines

that the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v. Hernandez,* 504 U.S. 25, 31-32 (1992)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright,* 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). A complaint fails to state a claim upon which relief can be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

In reviewing the complaint, the Court must construe all allegations "liberally in favor of the plaintiff," "take[] all facts pleaded in the complaint as true," and consider whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas.*

*Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). If it does not, the complaint must be dismissed, even before service on the defendants. *See In re Jacobs*, 213 F.3d 289, 290 (5th Cir. 2000) (per curiam); *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### C. *Pro Se* Pleadings

Perkins is proceeding *pro se* in this action. Pleadings filed by *pro se* litigants are not held to the same stringent and rigorous standards as pleadings filed by lawyers and instead must be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). But even under a liberal construction, *pro se* plaintiffs "must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (footnotes omitted).

## III. DISCUSSION

### A. Claims Against the Harris County Sheriff's Office

Perkins names the Harris County Sheriff's Office as a defendant in his action. Because the Sheriff's Office does not have the capacity to be sued, Perkins's claim against it is legally frivolous.

A party to a lawsuit must have the capacity to sue or be sued. *See* FED. R.

CIV. P. 17(b). "The capacity of an entity to sue or be sued 'shall be determined by the law of the state in which the district court is held.'" *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (quoting FED. R. CIV. P. 17(b) (1991)). Under Texas law, a county sheriff's office lacks the capacity to be sued. *See Potts v. Crosby Indep. Sch. Dist.*, 210 F. App'x 342, 344-45 (5th Cir. 2006) (per curiam) (upholding the dismissal of claims against the Harris County Sheriff's Office on the grounds that it lacked the capacity to be sued); *see also Hebrew v. Gonzalez*, No. 21-20585, 2022 WL 1316214, at *1 (5th Cir. May 3, 2022) (per curiam) ("[T]he Harris County Sheriff's Office is not a legal entity under Rule 17(b) and therefore, lacks the legal existence and capacity to be sued for the violations alleged." (quoting *Gragert v. Harris County*, No. 4:09-cv-2063, 2010 WL 11538411, at *4 (S.D. Tex. Aug. 11, 2010))).

Because the Harris County Sheriff's Office lacks the legal capacity to be sued, it cannot legally be named as a defendant in any action. Perkins's claims against the Sheriff's Office are dismissed with prejudice under § 1915(e)(2)(B)(i) as legally frivolous.

### B.   Claims Against Dones and Merkel

Perkins alleges that Officer Dones and Supervisor Merkel[3] should be held

---

[3]The records provided by Harris County show that these two officers are Detention Officer Yolanda Dones and Sergeant Bernadette Merkel. (Dkt. 19-1, pp. 11-13).

liable for the injuries he suffered on September 11, 2023, because they did not write reports about the assault or discipline the officers. (Dkts. 8, p. 5; 12, p. 4). These claims are dismissed because these facts do not allege a constitutional violation.

While failing to write a report concerning an incident that has already occurred may violate Harris County Jail rules and procedures, neither Dones's nor Merkel's failure to comply with such rules and procedures rises to the level of a constitutional violation that would support a claim under § 1983. *See, e.g., Wolters v. Fed. Bureau of Prisons*, 352 F. App'x 926, 928 (5th Cir. 2009) ("violations of prison rules or regulations, without more, do not give rise to a cause of action" under § 1983); *Langston v. Peters*, 100 F.3d 1235, 1238 (7th Cir. 1996) ("ignoring internal prison procedures does not mean that a constitutional violation has occurred"). Likewise, Perkins has no constitutional right to have another person criminally prosecuted, so the alleged failure of Dones and Merkel to discipline the officers who used excessive force is not a constitutional violation that would support a claim under § 1983. *See Back v. Tex. Dep't of Crim. Just.*, 716 F. App'x 255, 259 (5th Cir. 2017) (per curiam).

Because Perkins's factual allegations do not establish that either Dones or Merkel violated his constitutional rights, he fails to state a claim against either of them upon which relief can be granted. Perkins's claims against Dones and Merkel are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.     <u>Claims Against Williams</u>

Perkins alleges that Supervisor Williams[4] should be held liable for the excessive force used against him on January 28, 2024, because she is "the sergeant of roll call." (Dkt. 8, p. 5). This claim must be dismissed because it fails to allege facts sufficient to establish supervisory liability.

To hold a supervisory official liable under § 1983, the plaintiff must allege facts showing either (1) the supervisor's personal involvement in a constitutional deprivation, and (2) a causal connection between the supervisor's wrongful conduct and a constitutional deprivation, or (3) that the supervisory official implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. *See Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987); *see also Gates v. Tex. Dep't of Prot. & Reg. Servs.,* 537 F.3d 404, 435 (5th Cir. 2008). Only the direct actions or omissions of the supervisory official, not the actions of his or her subordinates, will make that official individually liable under § 1983. *See Alton v. Tex. A & M Univ.,* 168 F.3d 196, 200 (5th Cir. 1999).

To the extent that Perkins seeks to hold Williams liable for the actions of Ortiz #2, he fails to state a claim upon which relief may be granted because she may not

---

[4] The records provided by Harris County show that this officer is Sergeant Tennill Williams. (Dkt. 19-5, pp. 56-59).

10/ 11

be held liable for the actions of her subordinates. And Perkins's allegations concerning Williams's own actions—that she ordered the officers to search Perkins and that she ordered them to take him to the ground—do not show that Williams personally violated Perkins's constitutional rights.

Because Perkins's factual allegations are insufficient to establish either supervisory or personal liability against Williams, he fails to state a claim against her upon which relief can be granted. Perkins's claims against Williams are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Perkins's claims against the Harris County Sheriff's Office, Officer Dones, Sergeant Merkel, and Sergeant Williams are **DISMISSED with prejudice**.

2. Perkins's claims against Detention Officer Ortiz #1 and Detention Officer Ortiz #2 remain pending at this time, subject to further order of the Court. The Clerk of Court will provide a copy of this Order to the parties.

SIGNED at Houston, Texas on _____ May 1 _____, 2025.

David Hittner
DAVID HITTNER
UNITED STATES DISTRICT JUDGE